UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:   MIA L. MTHINI AND           { CHAPTER 13
         NDAONA A. MTHINI,           {
                                     {
         DEBTOR(S)                   { CASE NO. A17-66672-BEM
                                     {
                                     { JUDGE   ELLIS-MONRO

**OBJECTION TO CONFIRMATION**

COMES NOW MARY IDA TOWNSON, TRUSTEE herein, and objects to Confirmation of the plan for the following reasons:

1. The Plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d). (79 months).

2. The Debtor(s) has failed to provide the Trustee with a copy of the federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

3. The Chapter 13 Plan fails to provide for the appropriate pool of funds or dividend to the unsecured creditors, as required by 11 U.S.C. Section 1325(b)(1)(B).  Specifically, the 22C Form reflects disposable income of $13.87, thus necessitating an unsecured pool of $832.20.

4. The 2016(b) Disclosure Statement and the Chapter 13 plan are inconsistent with regard to the attorney's fees received pre-petition or to be paid in the plan, or both, in violation of 11 U.S.C. Section 329 and Bankruptcy Rules 2016(b) and 2017.

5. Pursuant to information received from the Internal Revenue Service, 2014-2016 Mia Mthini and 2012-2016 Ndaona Mthini tax returns have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 plan, in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

Mary Ida Townson, Chapter 13 Trustee
Suite 2200
191 Peachtree Street, N.E.
Atlanta, GA 30303-1740
404-525-1110
albertg@atlch13tt.com

      6. The proposed plan provides for set monthly payments to Global Lending Services. LLC. However, said creditor(s) has filed an unsecured claim and these funds should be reallocated.

      7. As unsecured creditors will receive less than in a Chapter 7 liquidation, the plan does not conform to 11 U.S.C. Section 1325(a)(4).

      8. The Form 122C-2 appears to claim an incorrect amount for line item 34 and 13e.

      9. The Form 122C may claim an excessive amount for Other Necessary Expenses: education expenses. The Debtor should provide documentation to support said expense(s).

      WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny confirmation of this Debtor's(s') Plan and to dismiss the case; or, in the alternative, convert the case to one under Chapter 7.

December 7, 2017

                                    /s
                            Albert C. Guthrie, Esq.
                            for Chapter 13 Trustee
                            GA Bar No. 142399

Mary Ida Townson, Chapter 13 Trustee
Suite 2200
191 Peachtree Street, N.E.
Atlanta, GA 30303-1740
404-525-1110
albertg@atlch13tt.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served

DEBTOR(S):

MIA L. MTHINI
1345 LOWER FALLS DR
MCDONOUGH, GA 30252

NDAONA A. MTHINI
1345 LOWER FALLS DR
MCDONOUGH, GA 30252

ATTORNEY FOR DEBTOR(S):

THE SEMRAD LAW FIRM
303 PERIMETER CENTER N
STE 201
ATLANTA, GA 30346

in the above in the foregoing matter with a copy of this pleading by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon.

This 8TH day of December, 2017

_____/s_____
Albert C. Guthrie, Esq.
for Chapter 13 Trustee
GA Bar No. 142399

Mary Ida Townson, Chapter 13 Trustee
Suite 2200
191 Peachtree Street, N.E.
Atlanta, GA 30303-1740
404-525-1110
albertg@atlch13tt.com